### Peoria Commission Company v. Patrick Maguire.

1. CUSTOM—*Not to Interfere with the Terms of a Contract.*—Where the terms of a contract are complete, there is nothing left for a custom to operate on.

2. APPELLATE COURT PRACTICE—*Matter Not Shown in the Record.* — Where an objection is made to the introduction of matter in evidence, but the record does not show that such was the fact, the point can not be considered.

3. INSTRUCTIONS—*Abstract Principles of Law.*—If a party asking an instruction as to the law, does not apply it to some evidence in the case so as to show its relation to the facts, it is not error for the court to refuse to require the jury to make the application.

4. ESTOPPEL—*Not by Drawing a Draft Unless it is Accepted.*—There being a controversy between two persons as to the amount due for property sold, the vendor drew upon the vendee for the amount which he, (the vendee) stated and claimed to be due, but the vendee refused to accept or pay the draft, without legal excuse. *It was held* that the stating of the account by the vendee was a proposal for a settlement, and as he withdrew it by refusing to pay the draft, the vendor was not concluded by it.

**Memorandum.**—Assumpsit for goods sold. Appeal from the County Court of Peoria County; the Hon. SAMUEL D. MEAD, Judge, presiding. Heard in this court at the December term, 1893, and affirmed. Opinion filed May 22, 1894.

The opinion states the case.

ISAAC J. LEVISON, attorney for appellant.

H. C. Fuller and R. H. Radley, attorneys for appellee.

Mr. Justice Cartwright delivered the opinion of the Court.

Appellee brought this suit against appellant for a balance claimed to be due for hay sold and delivered. The defense made was that the hay was shipped to the defendant to be sold on commission and that there was a balance of only $31.07 due upon an accounting to the plaintiff. There was a verdict for the plaintiff for $289.87 from which $36.60 was remitted and judgment was entered against defendant for $253.57.

The contract was contained in three letters which were as follows:

"Peoria Commission Company, }
    Peoria, Ill., Sept. 17, 1892. }

P. Maguire.

Dear Sir: If you can ship 10 to 20 cars of distillery hay we can reach you 6.75 to 7. Kindly advise us by return mail.

Yours truly,
    Peo. Com. Co."

"Remington, Ind., Sept. 21, 1892.
Peoria Commission Co., Peoria, Ill.

Gentlemen: Yours of 17th to hand and in reply, will furnish 25 cars distillery hay f. o. b. cars Peoria, at $7 net. This is without commission or switching charges. If above meets your views notify me at once; also let me know when you want shipments to commence.

Yours truly,
    Patrick Maguire."

"The Peoria Commission Co. }
    Peoria, Ill. Sept. 24, 1892. }

P. Maguire.

Dear Sir: Yours to hand; in reply we will say we accept your offer 25 cars distillery hay at $7 track, Peoria; we shall notify you by first of next month when to ship.

Yours truly,
    Peo. Comm. Co."

The proposition of plaintiff and the acceptance by defend-
ant created a contract for a sale of hay to be delivered by
by plaintiff free on board cars at Peoria at $7 net.   Defend-
ant afterward wrote to plaintiff that the party it had
purchased the hay for was not ready for it, but that it
would notify him as soon as possible when to ship.   The
contract was there spoken of as a purchase of the hay.
There is nothing to indicate that defendant supposed or
claimed that the hay was shipped on commission until long
afterward.   Plaintiff shipped twenty-two cars of hay under
the contract commencing in November, 1892, and ending in
January, 1893, when he quit shipping at defendant's request.
On April 10, 1893, defendant rendered an account of sales
to plaintiff as if the hay had been received on commission,
charging him with commissions and showing a balance due
him of $31.07.   The statement was received by plaintiff by
mail and he drew a draft on defendant for said balance of
$31.07, but the draft was returned unpaid.   Plaintiff there-
upon brought this suit.   It is objected that the court refused
to allow defendant to prove a custom among hay merchants
in Peoria as to how and when hay was to be delivered upon
contracts when no time was fixed in the contract for deliv-
ery.   In what way any custom, if proven, would affect this
case, is not disclosed, and the condition upon which it is
claimed to have been competent did not exist in this in-
stance, for that matter was regulated by the contract.   In
plaintiff's proposal defendant was requested to let him know
in case of acceptance when shipments were to commence
and defendant accepted with an agreement to notify plaint-
iff by the first of the following month when to ship.   There
was nothing left for custom to operate on.

It is said that the court allowed an expense bill not in
evidence to go to the jury, but the record does not show
that such was the fact, and the point can not be considered.

It is also objected that the court refused the last instruc-
tion asked by defendant.   The instruction stated a mere
abstract rule of law, and it was not error to refuse it.   If a
party asking an instruction as to the law does not apply it

to any evidence in the case so as to show its relation to the facts, it is not error for the court to refuse to require the jury to make the application. It is also urged that the verdict was wrong because the contract was not for a sale of hay, and because plaintiff drew the draft for the balance shown by the account of sales, and was therefore estopped to claim more than such balance. We have passed on the first of these propositions in what has been heretofore said, so far as the letters are concerned. There was evidence introduced by defendant, that plaintiff, when in Peoria, settled the business with defendant as a commission transaction and agreed to allow a commission of twenty-five cents per ton, but plaintiff denied making any such settlement or agreement, and the credibility of the witnesses was for the trial court and jury. We will not interfere with their conclusion on that subject. With respect to the draft plaintiff testified that he drew it thinking best to accept the balance shown by the statement. Defendant refused to pay the draft without any legal excuse, and now claims that plaintiff is estopped to claim more because he drew the draft. As the defendant withdrew the proposal of the settlement by refusing to pay the draft the plaintiff was not concluded by it.

We are satisfied with the judgment, and it will be affirmed.